*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

EMILY ZELIASKO, also known as EMILY
ZELLIASKO

       Plaintiff-Appellant,

v

ABDULKAREEM M. AL-DOROUGH, and TJ
TRUCKING, LLC,

       Defendants-Appellees.

UNPUBLISHED
June 16, 2022

No. 357397
Kent Circuit Court
LC No. 20-00640-NI

Before: BORRELLO, P.J., and JANSEN and MURRAY, JJ.

MURRAY, J. (*dissenting*).

The trial court granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(10), reasoning that plaintiff did not create a genuine issue of material fact that she suffered an objectively manifested impairment resulting from the car accident. MCL 500.3135(1); *McCormick v Carrier*, 487 Mich 180, 196; 795 NW2d 517 (2010). Although plaintiff presented objective evidence of an unstable left shoulder, tenderness, and muscle spasms that were minimally sufficient to survive a motion for summary disposition, the trial court's dismissal should be affirmed as plaintiff failed to create a genuine issue of material fact that her impairments affected her general ability to live her normal life, a consideration required by *McCormick's* third prong. *McCormick*, 487 Mich at 195.

MCL 500.3135(5)(c) provides that a plaintiff must prove that her objectively manifested impairment "affects the injured person's general ability to lead his or her normal life, meaning it has had an influence on some of the person's capacity to live in his or her normal manner of living." That subsection goes on to state that, "[a]lthough temporal considerations may be relevant, there is no temporal requirement for how long an impairment must last. This examination is inherently fact and circumstance specific to each injured person, must be conducted on a case-by-case basis, and requires comparison of the injured person's life before and after the incident." The *McCormick* Court noted three caveats in determining this issue: (1) the plaintiff's general ability to lead her pre-accident normal life need only be affected, not destroyed, (2) the focus is on whether the impairment affected the plaintiff's ability to maintain her normal manner of living, not whether

some of her manner of living has itself been affected, and (3) the impairment need not be permanent. *Id*. at 202-203.

Plaintiff's evidence does not create a material factual dispute that her accident-related injuries affected her ability to live her normal life. *McCormick*, 487 Mich. at 202. At the time of her accident, plaintiff was a junior at Grand Valley State University. After the accident, it is undisputed that plaintiff only missed one full day of classes (the day after the accident), missed a few more after that, but ultimately graduated on time and with honors. Thus, there is no dispute that any injuries from the accident did not affect her ability to successfully complete college, as she had always intended.

Nor did her injuries have a measurable impact on her employment. Prior to the accident plaintiff worked summer and holiday breaks from school at Blue Pearl Veterinary Partners. Plaintiff also worked at Blue Pearl the summer following the accident, and Blue Pearl currently employs plaintiff full-time. Plaintiff's job duties include triaging outpatients, caring for inpatients, running diagnostic testing, obtaining medical histories, providing owners with estimates, running bloodwork, and running anesthesia. Plaintiff admitted that she has never been placed on restrictions regarding her work duties (nor any other restrictions, for that matter) and that she has only restricted herself from lifting dogs at work.[1] Additionally, in the two years following the accident plaintiff missed only one day of work, and that was because of a panic attack, not any limiting nature of her injuries.

Moreover, with respect to her daily activities, plaintiff admits that she never required attendant care services to assist her with personal care such as dressing or showering, or for performing errands. For only a short time following the accident she had difficulty doing some household chores such as making her bed, sweeping, and vacuuming, but again plaintiff could do these chores, it was just difficult sometimes to do so. And by the time of her deposition, at the latest, those difficulties had ended.

Regarding plaintiff's avocational activities, she claims she can no longer play golf, ski, go to the beach, or participate in agility drills with her dog. Again, however, plaintiff's restrictions were self-imposed, as no medical professional has restricted her from these activities. Since the accident, plaintiff has golfed and skied, albeit with less vigor, and plaintiff conceded that the accident did not impact her ability to go to the beach and that she has not attempted to agility train her dog since the accident (and not because of her injuries). And plaintiff's missed trip to Traverse City was solely attributable to her fear of driving, which is not an objectively manifested impairment and is not (as plaintiff's counsel conceded at oral argument) properly considered in this analysis.

Given this record, plaintiff's voluntarily assumed limitations, standing alone, are insufficient to create a factual dispute over whether her injuries affect her general ability to live her normal life. It is undisputed that since the accident, she graduated from college on time and

---

[1] Plaintiff did testify that soon after the accident, she was somewhat limited in performing some cleaning duties at work, but by the time of her deposition, she was no longer preventing herself from performing those duties.

with honors; (2) she remains employed without restrictions and has only one self-imposed limitation, (3) she performs her household chores without the need for assistance, and (4) engages in the same extra-curricular hobbies, though with less frequency and some self-imposed limitations. In other words, there is no genuine issue of material fact that plaintiff's ability to maintain her normal manner of living was not affected by her accident-related injuries. I would affirm.


/s/ Christopher M. Murray